**REN ZHENG HE, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–6483–AG.

United States Court of Appeals, Second Circuit.

March 27, 2006.

Gang Zhou, New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney, Eastern District of North Carolina, Anne M. Hayes, Joe Exum, Jr., Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Petitioner Ren Zheng He ("He") petitions for review of a December 2004 final order of removal of the BIA adopting and

affirming the decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

As a preliminary matter, while He asserts that the IJ erroneously made an adverse credibility finding, there is no question that the IJ found He credible and that, even assuming credibility, the IJ found that He had not met the standard for asylum, withholding of removal, or CAT relief.

Substantial evidence supports the IJ's determination that He did not suffer past persecution on account of his religion. Significantly, He himself testified that he had not suffered any such persecution. Moreover, the IJ correctly determined that the two incidents on which He primarily based his claim of past persecution were properly categorized as personal disputes and thus were insufficient to establish persecution *based on* his religion. The IJ also reasonably concluded that, even if He had demonstrated discrimination by the government, such discrimination, however unpleasant, does not rise to the level of persecution required for a grant of asylum. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (noting that persecution must rise above "mere harass-

ment"); *Islami v. Gonzales,* 412 F.3d 391, 397 (2d Cir.2005).

Substantial evidence also supports the IJ's determination that He did not establish a well-founded fear of future persecution. The IJ reasonably found that such a claim was undermined by He's testimony that the approximately one hundred members of his church continued to meet regularly even after the government's crackdown on unrecognized religions, and that He was not aware of any mistreatment or repercussions suffered by these members as a result of their meetings. The IJ also correctly relied on the documents submitted by He, including a Canadian government report which indicated that there was a high degree of religious tolerance in He's home province in China. Moreover, He's testimony that two members of his church were attacked for preaching the gospel in his town was unreliable in that He testified that he did not know these individuals and that he had learned of these attacks from other members of his church. Finally, He's testimony that he feared being caught "eventually" for practicing his religion was speculative and is insufficient on its own to support a claim of asylum.

Because He was unable to show the objective likelihood of persecution necessary to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Accordingly, the IJ properly denied this claim as well. Moreover, because He failed to raise his CAT claim before this Court, this claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Finally, while an IJ's evidentiary hearings must comport with due process, *see Secaida–Rosales v. INS,* 331 F.3d 297, 306 n. 2 (2d Cir.2003), the BIA properly denied

He's due process claim, as there is nothing in the record that indicates such a deprivation. Contrary to He's assertion that the IJ "ignored" the supporting documentation provided by He, it is clear that, in reviewing He's claims, the IJ considered and rejected such documentation.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).